**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WILLIAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE HON. DARREN T. DIBIASI, P.J.Ch., *et al.*, <br><br> Defendants. | Civil Action No. 25-12422 (SDW) (CF) <br><br> **WHEREAS OPINION** <br><br> December 17, 2025 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon *pro se* Plaintiff Michael William Jr.'s ("Plaintiff") Complaint, (D.E. 1 ("Compl.")); Motion for a Temporary Restraining Order, (D.E. 1-3 ("TRO")); and accompanying application to proceed *in forma pauperis* (D.E. 1-1 ("IFP application")); and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

    **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee because although Plaintiff performs odd labor jobs, his monthly expenses exceed his monthly income by approximately $1,150.00. (D.E. 1-1 at 3–4); *see Warner v. Deutsche Bank Nat'l Tr. Co.*, No. 25-14770, 2025 WL 3079276, at *2 (D.N.J. Oct. 30, 2025) (granting IFP status to a plaintiff whose household expenses exceeded her household income); and

**WHEREAS** Plaintiff claims Defendants the Honorable Darren T. DiBiasi, P.J.Ch., and his law clerk and secretary violated his Fourteenth Amendment due process rights in connection with a foreclosure matter in the Superior Court of New Jersey, Chancery Division – Bergen County and seeks this Court's intervention to "prevent an unlawful sheriff's safe of his property."[1] (Compl. at 1–3); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

---

[1] The status of the sheriff's sale is unknown.

**WHEREAS** "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity can only be overcome in two instances—for actions not taken in a judicial capacity or for actions taken in a complete absence of all jurisdiction. *Id.* at 9, 11–12; *see McLeod v. Fifth Judicial Dist. of Pa.*, No. 20-1362, 2022 WL 13986832, at *2–3 (D.N.J. Oct. 24, 2022) (holding a *pro se* plaintiff's claims against a judge and law clerk were barred by absolute judicial immunity where the complaint did not allege facts implicating exceptions to the immunity doctrine). Here, the allegations contained in Plaintiff's Complaint do not concern actions which fall within either one of the two exceptions to judicial immunity. Plaintiff's claims are barred by the doctrine of judicial immunity;[2] therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff will be given thirty days to amend his Complaint; failure to do so may result in the matter being dismissed with prejudice. An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:    Parties
    Cari Fais, U.S.M.J.

---

[2] Given that Plaintiff's claims are barred by the doctrine of judicial immunity, this Court finds no basis to grant Plaintiff's Motion for a TRO.